UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS d/b/a
ROSENBLUM & FRANKEL
INVESTMENT COMPANY,

     Plaintiff,

                                     Case No. 12-13072

v.

                                     Hon. John Corbett O'Meara

THE OAKLAND COUNTY
TREASURER, ANDREW MEISNER,
THE OAKLAND COUNTY TREASURER'S
OFFICE AND THE COUNTY OF OAKLAND,

     Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

     Before the court are Plaintiff's motion for preliminary injunction, filed July 12, 2012, and

motion for temporary restraining order, filed July 19, 2012. Defendants filed a combined

response on July 24, 2012. Plaintiff submitted a reply brief on July 30, 2012.

## BACKGROUND FACTS

     Plaintiff Sherman Pegross contends that he is the "designated agent" of several taxpayers

in Oakland County. Pegross claims that the defendant Oakland County Treasurer entered into

agreements with him to pay delinquent property taxes on four properties in West Bloomfield and

Birmingham, Michigan. Pegross asserts that the Treasurer then rescinded these agreements and

foreclosed upon these properties, despite having accepted payments from Plaintiff. Pegross

contends that these properties have been taken in violation of his due process and equal

protection rights. Pegross's complaint also contains claims of breach of contract and intentional

infliction of emotional distress.

Defendants contend that Plaintiff does not have an interest in the four properties referenced in the complaint and that Plaintiff misrepresented his interest in those properties in an attempt to gain ownership of them through fraud.  Plaintiff denies these allegations and maintains that he entered into written and oral purchase agreements with the owners of the properties.  Plaintiff does not, however, attach copies of any such written agreements.

## LAW AND ANALYSIS

Plaintiff seeks injunctive relief from the court to stop the Oakland County Treasurer from selling the properties at tax foreclosure sales and evicting the occupants.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002).  In determining whether to grant a motion for preliminary injunction, the court considers the following factors: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction."  Id.

The court finds that Plaintiff has shown neither a strong likelihood of success on the merits nor that he will suffer irreparable harm if an injunction is not granted.  First, Plaintiff has not provided evidence that he has an interest in the properties at issue.  Second, even if Plaintiff did have such an interest, his claims are barred by the Tax Injunction Act, which provides that the "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any

tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  "Although the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damage actions as well."  Thiokol Corp. v. Department of Treas., State of Mich., 987 F.2d 376, 378 (6th Cir. 1993).  "The plain, speedy and efficient remedy contemplated by the TIA merely requires that the state provide certain minimal procedural protections against illegal tax collection.  The state need only provide a full hearing at which a taxpayer may present and secure a judicial determination at which he or she may raise any and all constitutional objections to the tax."  Hedgepeth v. Tennessee, 215 F.3d 608, 615 (6th Cir. 2000) (citation omitted).

The Oakland County Treasurer is foreclosing upon the properties at issue for unpaid 2009 property taxes.  Parties having an interest in property listed in a petition for foreclosure are provided with notice and an opportunity to contest the proceedings in Michigan circuit court. See M.C.L. § 211.78k.  "A person claiming an interest in a parcel of property set forth in the petition for foreclosure who desires to contest that petition shall file written objections with the clerk of the circuit court and serve those objections on the foreclosing governmental unit prior to the date of the hearing required under this section." Id.

Because a remedy exists in state court, the TIA bars Plaintiff from challenging the tax foreclosure of the subject properties here.  As a result, Plaintiff is unlikely to succeed on the merits.

In addition, Plaintiff cannot demonstrate irreparable harm.  "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." Overstreet, 305 F.3d at 578.  A plaintiff may also demonstrate irreparable harm if he

demonstrates that his constitutional rights have been violated.  Id.  As discussed above, the TIA bars Plaintiff's constitutional claims challenging the tax foreclosures, because an adequate remedy exists in state court.  Further, any other harm alleged by Plaintiff could be compensated with money damages.

For these reasons, Plaintiff has not met his burden of demonstrating that he is entitled to the extraordinary remedy of injunctive relief.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's motions for preliminary injunction and temporary restraining order are DENIED.


s/John Corbett O'Meara
United States District Judge


Date:  August 3, 2012



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 3, 2012, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

-4-