UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS d/b/a
ROSENBLUM & FRANKEL
INVESTMENT COMPANY,

    Plaintiff,

v.

THE OAKLAND COUNTY
TREASURER, ANDREW MEISNER,
THE OAKLAND COUNTY TREASURER'S
OFFICE AND THE COUNTY OF OAKLAND,

    Defendants.
_____/

Case No. 12-13072

Hon. John Corbett O'Meara

### ORDER DENYING PLAINTIFF'S
### MOTION FOR VOLUNTARY DISMISSAL

Before the court is Plaintiff's motion for voluntary dismissal without prejudice, filed May 17, 2013. Defendants submitted a response on May 31, 2013. The court did not hear oral argument.

Plaintiff filed this action, along with a motion for preliminary injunction, on July 12, 2012. The court denied Plaintiff's motion for preliminary injunction on August 3, 2012. Plaintiff filed a motion for reconsideration on August 9, 2012, which was denied. Plaintiff also filed a petition for writ of mandamus, which was denied by the Sixth Circuit on August 17, 2012. Thereafter, the parties engaged in discovery. Defendants filed a motion to compel on March 27, 2013, after Plaintiff failed to respond to their discovery requests. Magistrate Judge Laurie J. Michelson granted Defendants' motion on May 1, 2013. Shortly thereafter, on May 17, Plaintiff filed his motion for voluntary dismissal. Discovery closed on May 30, 2013, and the dispositive

motion cutoff is June 28, 2013.

Pursuant to Fed. R. Civ. P. 41, a plaintiff may voluntarily dismiss his complaint without leave of court if he does so before the defendant files an answer or a motion for summary judgment, or if all parties stipulate to the dismissal. See Fed. R. Civ. P. 41(a)(1)(A). Because Defendants have filed an answer and have not stipulated to the dismissal, Rule 41(a)(2) applies. Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Whether dismissal should be granted under Rule 41(a)(2) "is within the sound discretion of the district court." Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." Id. The court should grant dismissal without prejudice unless the defendant would suffer "plain legal prejudice" as a result, "as opposed to the facing the mere prospect of a second lawsuit." Id. "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id.

The court finds that a dismissal without prejudice would result in plain legal prejudice to Defendants. Defendants have expended significant effort in defending this matter, including responding to Plaintiff's motion for preliminary injunction and engaging in discovery, which is now closed. Plaintiff has not made an effort to diligently prosecute this matter, as demonstrated

by his failure to cooperate in discovery.  This case has been pending for almost a year and has proceeded to the time for filing a dispositive motion.  Plaintiff has not provided a reasonable explanation for requesting a voluntary dismissal, stating only that he is "currently overwhelmed by this case and I can no longer defend myself against the Wealthy Oakland County attorneys in my current capacity."  At this relatively late stage, Defendants should not bear the risk of being sued a second time on Plaintiff's claims.  The court will deny Plaintiff's motion for a voluntary dismissal.

    **SO ORDERED.**

s/John Corbett O'Meara  
United States District Judge

Date:  July 3, 2013

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 3, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager