UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS d/b/a
ROSENBLUM & FRANKEL
INVESTMENT COMPANY,

      Plaintiff,

                                   Case No. 12-13072

v.

                                   Hon. John Corbett O'Meara

THE OAKLAND COUNTY
TREASURER, ANDREW MEISNER,
THE OAKLAND COUNTY TREASURER'S
OFFICE AND THE COUNTY OF OAKLAND,

      Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the court is Defendants' motion for summary judgment, filed July 31,

2013, which has been fully briefed.  Pursuant to L.R. 7.1(f)(2), the court did not

hear oral argument.  Finding that Plaintiff has failed to set forth specific facts,

evidence, and legal authority in support of his claims, the court grants summary

judgment in favor of Defendants.

## BACKGROUND FACTS

Plaintiff Sherman Pegross contends that he is the "designated agent" of

several taxpayers in Oakland County.  Pegross claims that the defendant Oakland

County Treasurer entered into agreements with him to pay delinquent property taxes on four properties in West Bloomfield and Birmingham, Michigan.  Pegross asserts that the Treasurer then rescinded these agreements and foreclosed upon these properties, despite having accepted payments from Plaintiff.  Pegross contends that these properties have been taken in violation of his due process and equal protection rights.  Pegross's complaint also contains claims of breach of contract and intentional infliction of emotional distress.

Defendants contend that Plaintiff does not have an interest in the four properties referenced in the complaint and that Plaintiff misrepresented his interest in those properties in an attempt to gain ownership of them through fraud.[1] Plaintiff denies these allegations and maintains that he entered into written and oral purchase agreements with the owners of the properties.  Plaintiff has not, however, provided copies of any such written agreements.

Plaintiff sought a preliminary injunction to stop Oakland County from selling the properties at a tax foreclosure sale.  The court denied Plaintiff's motion, finding that Plaintiff did not demonstrate a likelihood of success on the merits or irreparable harm.  Subsequently, Plaintiff filed a motion for voluntary dismissal

---

[1] Defendants detail the status of each of the four properties in their brief.  Plaintiff has not set forth specific facts disputing Defendants' recitation.  See Defs.' Br. at 6-11.

without prejudice after the close of discovery.  The court denied that motion as well, finding that Defendants would be prejudiced if the case were dismissed without prejudice. Defendants have now moved for summary judgment.

## LAW AND ANALYSIS

### I.      Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II.     Claims against Oakland County Treasurer's Office

Plaintiff has sued the Oakland County Treasurer, Andrew Meisner; the Oakland County Treasurer's Office, and Oakland County.  The Oakland County Treasurer's Office is not a separate legal entity subject to suit.  See, e.g., Sumner v. Wayne County, 94 F. Supp.2d 822 (E.D. Mich. 2000) (Wayne County Sheriff's

Department not a legal entity subject to suit).  Accordingly, the Oakland County Treasurer's Office will be dismissed as a defendant.

### III.   Claims against Andrew Meisner

#### A.   Federal Claims

Plaintiff contends that Oakland County Treasurer Andrew Meisner violated his due process and equal protection rights by breaching the tax payment agreements between Oakland County and Plaintiff.[2]  Plaintiff's claims fail for several reasons, including that he has not demonstrated that he had an interest in the properties the county foreclosed upon, or that a constitutional violation occurred.  Moreover, Plaintiff has not presented facts demonstrating that Meisner was personally involved in any alleged violation of his constitutional rights. Liability of a supervisor under 42 U.S.C. § 1983, such as Meisner, must be based upon more than the right to control employees.  Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978).  See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  At a minimum, a plaintiff must show that a supervisory official implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of a

─────────────────

[2] In his response, Plaintiff contends that he was discriminated against based upon his race and criminal background.  These claims were not pleaded in the complaint and cannot be raised now.  In any event, Plaintiff has not supported these allegations with evidence.

subordinate.  Id.  Here, the record is devoid of facts that Meisner condoned

unconstitutional conduct and, therefore, summary judgment is appropriate.

**B.    State Claims**

Plaintiff also sets forth claims for breach of contract and intentional

infliction of emotional distress.  With respect to the emotional distress claim, or

any other state law tort claim, Meisner is entitled to absolute immunity.  See

M.C.L. 691.1407(5); Rose v. Saginaw County, 353 F. Supp.2d 900, 924-25 (E.D.

Mich. 2005).

As for the breach of contract claim, Defendants contend that Oakland

County entered into tax payment arrangements, and agreed to forbear from

foreclosing, with respect to the four properties because Plaintiff represented

himself as the property owner.  When the county determined that Plaintiff did not

have an interest in the properties, it rescinded the agreements.  Defendants contend

that these agreements were induced by fraud and that they are therefore voidable.

See Custom Data Solutions, Inc. v. Preferred Capital, Inc., 274 Mich. App. 239,

243 (2006) ("Fraud in the inducement to enter a contract renders the contract

voidable at the option of the defrauded party.") (citation omitted).  Plaintiff has not

presented evidence that he had an interest in the properties at issue.  At this stage,

Plaintiff cannot rest upon his allegations and must provide evidentiary support.

Because he has not done so, Defendants are entitled to summary judgment on Plaintiff's contract claim.

## IV.  Claims against Oakland County

### A.  Federal Claims

Like a supervisor, a municipality such as Oakland County cannot be held liable under § 1983 on a theory of respondeat superior.  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.  A plaintiff bringing a § 1983 claim against a municipality must therefore identify the policy or custom that caused her injury."  Ford v. County of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008).  "The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue." Bennett v. City of Eastpointe, 410 F.3d 810, 819 (6th Cir. 2005).  Plaintiff has not identified an Oakland County policy or custom that caused his constitutional rights to be violated.  Therefore, summary judgment in favor of Oakland County on Plaintiff's constitutional claims brought pursuant to § 1983 is appropriate.

**B.**    **State Law Claims**

Oakland County is entitled to statutory immunity with respect to Plaintiff's tort claims.  Pursuant to M.C.L. 691.1407(1), "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function."  Id.  See also Jones v. Muskegon County, 625 F.3d 935, 947 (6th Cir. 2010).  Plaintiff has not set forth any facts defeating Oakland County's immunity under this provision.  Accordingly, the court will grant summary judgment in favor of Oakland County with respect to Plaintiff's tort claims.  Plaintiff's breach of contract claim also fails for the reasons stated above.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date:  October 11, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 11, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager